## McCULLOUGH, Appellee v. INDUSTRIAL COMMISSION, Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6403. · Decided June 5, 1944.

Mr. D. T. Hackett and Mr. Carl F. Pieper of Cincinnati, for appellee.

Mr. Thomas J. Herbert, Mr. Robert E. Hall, Mr. Edward A. Schott, of Columbus, for appellant.

## OPINION

By MATTHEWS, J.

In this case the jury found for the plaintiff, that she was entitled to participate in the Workmen's Compensation Fund on account of the death of her husband, caused by an injury received in the course and arising out of his employment by E. Kahn's Sons Co.

It was admitted that he sprained his right thigh while pushing a truck up an incline and that he was paid temporary total disability therefor by the defendant, but it is denied that there was any connection between the injury and the death. The immediate cause of his death was bone sarcoma and the death certificate recites that the primary site was undetermined and that there was a general metastases.

There is evidence that he had not been feeling well for four or five months before he received this injury, but his

work record shows that he had worked every week for more than a year previously and that a week after his injury he returned, tried to work, found it impossible to do so after working about a week, and did no work from that time till his death about eight months thereafter. Undoubtedly, he received a severe injury to his right thigh, which made it impossible for him to walk and during most of the time he was bedridden in a hospital.

Two physicians testified, one that in his opinion the injury had no causal connection with the death, and the other that probably there was a causal connection. It is objected that the latter in her original testimony only expressed an opinion as to a possible connection, and that the court erred in allowing her to resume the stand at the close of all the testimony, when she testified to a probable causal connection.

Opening the case to permit additional testimony was of course within the sound discretion of the court and we find no abuse of discretion in what the court did in this case.

Of course, if the physician had deliberately expressed one opinion and then withdrawn it and expressed another, that fact would, beyond question, have been a circumstance for the jury to consider in determining its weight, but we find no such situation in this record.

When on the stand the first time the physician answered the hypothetical question as follows:

"But in my opinion I think it may well have something to do with producing the malignant process in this case."

When she resumed the stand she said: "My opinion is that there was probably some relation between the injury and the occurring of the bone tumor."

This meets the test of probative testimony set forth in the case of **Drakulich v. Industrial Commission, 137 Oh St., 82.**

It is urged that the verdict is manifestly against the weight of the evidence. However, the record indicates that the physician who testified to the causal relation was a specialist in the diagnosis and treatment of tumors and had opportunity to gain special knowledge in that branch by reason of being director of the Tumor Clinic of the Cincinnati General Hospital, and in other ways. The only other physician to testify was the employer's physician who attended the employee at the time of his injury and thereafter. The record does not show that he had had experience in the diagnosis

and treatment of tumors or had specialized in that branch to any extent.

The jury concluded that there was a causal connection between the injury and death and on this record, this Court would not be justified in disturbing its verdict.

The judgment is affirmed.

ROSS, P. J., & HILDEBRANT, J., concur.